Chief Judge Desmond (dissenting).
The majority opinion of the Appellate Division proceeds on the mistaken assumption that the plaintiffs are demanding dissolution of this two-man corporation solely because the defendant majority stockholder is taking for himself a bonus and salary in such amounts as to reduce the net corporate profit below the amount necessary to provide dividends to plaintiffs on their common stock. That is an understatement of the grounds for liquidation urged by plaintiffs and accepted as fact in the Special Term opinion. The undisputed fact is that this corporation in recent years has had net profits of only about 1 or 2% annually on the value of its assets; that there is (as testified by the majority stockholder) no prospect of the corporation ever making enough profit to pay any dividend to its common stockholders; that plaintiffs’ 46% of the common stock is, therefore, both unprofitable and unsalable; and that the corporation does not and cannot serve any purpose beyond paying a salary to defendant Arthur A. Gerth. The main point is not that Gerth’s salary plus bonus is exorbitant but that the corporation is being kept alive solely to pay that salary plus bonus. Since there is no likelihood of any appreciation of the assets or of any future growth or increment, liquidation is the only means whereby all the stockholders as stockholders can get something out of the corporation. It is obvious that if Mr. Gerth should die or become incapacitated so as to be unable to earn his salary, no stockholder, minority *805 or majority, would vote to keep the corporation in business in order to pay Mr. Gerth’s successor a salary. As to the equities, the plaintiffs are the executors of the deceased 46% common stockholder and the latter’s widow who is the income beneficiary under his will has no prospect of collecting any income.
That a minority stockholder may sue for dissolution when the directors and majority stockholders have breached their fiduciary duties to the minority is settled by Leibert v. Clapp (13 N Y 2d 313). The authorities cited and approved by us in the Leibert opinion (particularly Gaines v. Adler, 15 A D 2d 743, and the case cited therein; Drob v. National Mem. Park, 28 Del. Ch. 254, 270, 271; Hornstein, A Remedy for Corporate Abuse, 40 Col. L. Rev., at p. 220 et seq.) require a court of equity to intervene and grant relief in such a case as this. The modern and just rule as explained in the cited Columbia Law Review article is that a court of equity should wind up the affairs even of a solvent going corporation when gross mismanagement or fraudulent or inequitable conduct causes real danger of imminent loss to stockholders which danger cannot be prevented except by liquidation, and where the circumstances have created a real exigency and liquidation will serve a beneficial purpose to all stockholders.
Such small corporations, being really partnerships between two or three people who contribute their capital, skills, experience and labor should be treated by a court of equity as partnerships in many respects. A large corporation or one that has some prospect of becoming large is really an institution separate and distinct from its owners serving a separate purpose in our society by providing employment, accumulating capital for proper purposes and adding to community wealth and community service. Even if such a large or growing corporation is temporarily operating at a loss there may be quite reasonable expectations that its position will improve. Not so with the two-man corporation which owns no valuable trade secrets, market advantages or growth probabilities but simply continues to exist as the form in which two individuals pool their efforts. When one of those two dies and everything indicates that the corporation can never do more than pay a salary to the survivor, the reason for corporate existence is gone and the court of equity should make a dissolution decree fashioned to fit the facts and providing for an appropriate form of dissolu *806 tion and sale of the assets whether to the survivor or by public auction or otherwise as may appear just.
The Appellate Division order should be reversed, with costs to abide the event, and the action remitted to the Supreme Court for further proceedings not inconsistent with this opinion.